UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES ZOW, SR. and VERONICA ZOW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. CV413-190 |
| | ) | |
| REGIONS FINANCIAL CORPORATION, | ) | |
| REGIONS BANK, d/b/a Regions Mortgage, | ) | |
| MERSCORP HOLDINGS, INC., and | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding pro se, plaintiffs filed a complaint in the United States District Court for the District of Delaware challenging the nonjudicial foreclosure sale of their residence in Savannah, Georgia. On July 29, 2013, that court transferred the case to this District.[1]

On August 23, 2013, defendants filed a motion to dismiss plaintiffs' complaint for failure to state a claim for relief or, in the alternative, to

---

[1] Plaintiffs appealed the transfer order to the Third Circuit Court of Appeals, which denied the appeal for lack of jurisdiction. *Zow v. Regions Financial Corp.*, No. 13-3604 (3d Cir. Nov. 19, 2013). The Third Circuit denied plaintiffs' motion for rehearing on December 19, 2013. (Doc. 67-1.)

require plaintiffs to replead their "shotgun pleading" and strike the many immaterial matters contained therein. (Doc. 51.) Plaintiffs did not timely respond to that motion.

On November 22, 2013, defendants submitted a unilateral Rule 26(f) report indicating that plaintiffs had refused to cooperate with counsel's efforts to arrange the conference required by Fed. R. Civ. P. 26(f). (Doc. 56.) The Court then advised plaintiffs of their obligations under Rule 26(f)(2) and ordered them to show cause within 14 days why their case should not be dismissed for their failure to participate in the conference or assist in the preparation of a proposed discovery plan. (Doc. 58.) Plaintiffs responded that this Court lacked jurisdiction given the pendency of their interlocutory appeal contesting the transfer of their case from the Delaware district court. (Doc. 60.) On December 17, 2013, the Court rejected that argument[2] and ordered them to confer with defense counsel by no later than January 3, 2014 or face the dismissal of their case. (Doc. 66.) Plaintiffs have never complied with that order.

---

[2] Two days later, the Third Circuit denied plaintiffs' motion for rehearing of the transfer issue, thus foreclosing any hope for plaintiffs' argument that this Court lacked jurisdiction over this case. (Doc. 67-1); see note 1, *supra.*

"[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The federal rules clearly state that the "attorneys of record" and "all unrepresented parties . . . are *jointly* responsible for arranging the [Rule 26(f)] conference" and developing a "proposed discovery plan." Fed. R. Civ. P. 26(f)(2) (emphasis added). Plaintiffs do not deny that they have violated this rule. When the Court ordered them to confer with defense counsel or face dismissal of their case, they insisted that the order "was premature, not proper and invalid," and that the undersigned should have recused himself and has "mismanage[d]" the case. (Doc. 78 at 6-7.) Their farcical recusal argument was rejected by the undersigned (doc. 68), and upheld upon review by the district judge assigned to the case. (Doc. 81 at 1.) Still, plaintiffs refused to respect the Court's order.

"Rule 41(b) authorizes a district court to dismiss an action for failure to obey a court order." *Moon*, 863 F.2d at 838. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

3

where the litigant has been forewarned, generally is not an abuse of discretion." *Id.* at 837. Like the plaintiff in *Moon*, plaintiffs have been "repeatedly and stubbornly defiant" of the Court's authority, interposing frivolous objections that have all been rejected. *Id.* at 839. Yet they persist in their refusal to comply with the Court's lawful order. Under these circumstances, the Court is "not required to select a sanction other than dismissal." *Id*; *see Birdette v. Saxon Mortg.*, 502 F. App'x 839 (11th Cir. Dec. 20, 2012) (plaintiff's wrongful-foreclosure complaint dismissed for failure to comply with a lawful order of the court). Because of their steadfast refusal to comply with Rule 26(f) and the order directing them to do so on pain of dismissal, the Court should dismiss this action on the merits pursuant to both Rule 41(b) and its inherent authority to enforce compliance with its lawful orders.

But even if dismissal is not warranted on this ground, defendants have shown that plaintiffs have failed to state any federal claim for relief. Soon after the transfer of the case to this District, defendants moved to dismiss the complaint for failure to state a claim for relief or, if they did state a claim, to require plaintiffs to replead their shotgun-style complaint. (Doc.

51 (filed Aug. 23, 2013)). Although a pro se complaint must be liberally construed and held to a less stringent standard than pleadings drafted by attorneys, *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), to survive dismissal for failure to state a claim, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Stating a claim upon which relief may be granted "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" be enough to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs have not stated a plausible claim for relief.[3]

Plaintiffs raise three claims under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against defendants

---

[3] By local rule, plaintiffs' response was due within fourteen days, S.D. Ga. LR 7.5. Many months passed without any response from plaintiffs. While the Court was entitled to treat their failure to respond as an indication that they did not oppose the motion to dismiss, *id.*, in its December 17, 2013 order the Court gave plaintiffs an additional 7 days to file a response. (Doc. 66.) But it warned them that if they failed to respond within that time, the Court would consider defendants' motion to be unopposed. Plaintiffs did not file their response until January 8, 2014, 12 days *after* the December 27 deadline. *See* Fed. R. Civ. P. 6. While the Court is justified in treating defendants' motion to dismiss as unopposed, it has nevertheless read and considered plaintiffs' untimely response in addressing that motion. (Doc. 74.)

Regions Bank and Regions Financial Corporation. (Doc. 3 at16-19 (complaint Counts I-III).) The specific FDCPA section at play creates a right to sue any "debt collector" for making one of several types of false or misleading representations. 15 U.S.C. § 1692e. As defendants rightly point out (doc. 51 at 12-18), the term "debt collector" is explicitly defined by the Act to exclude a mortgage's originator or servicer,[4] unless servicing was assigned after the loan was already in default (an exception that has no application in this case[5]). 15 U.S.C. § 1692a(6); *Duncan v. CitiMortgage, Inc.*, 2014 WL 172228, *13 (N.D. Ga. Jan. 15, 2014) (collecting cases). In fact, Congress, as evidenced by the relevant Senate Report, No. 95-382, 95th Cong., 1st Sess. 3-4, intended the Act to reach only third persons who collect debts for others, not mortgage originators or servicers. *Herada v. Green*,

---

[4] A definition of a "loan servicer" is available under the related federal Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617, which defines "loan servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(3).

[5] Plaintiffs have never alleged that servicing was transferred after the default. In fact, the allegations in the complaint suggest that the Zows originated the loan with Regions Bank and that it has been serviced by Regions Bank ever since. (Doc. 3 at 7 ¶¶ 27-29; doc. 3-1 at 21 (letter attached to the complaint noting that Regions retained servicing rights even after the loan was sold to Fannie Mae).)
6

667 F.2d 392, 399-400 (2d Cir. 1981); *see also Buckman v. Am. Bankers Ins. Co.*, 115 F.3d 892, 895 (11th Cir. 1997) (discussing the "originator exception" in connection to a bail bond). Unsurprisingly, then, case after case holds that mortgage servicers and originators like Regions Bank and its parent, Regions Financial Corporation, are not debt collectors under the Act. *Dyer v. Stanislaus*, 2013 WL 6860746 at *4-5 (D.N.J. Dec. 30, 2013); *Norma J. v. Wells Fargo Bank, N.A.*, 2013 WL 5673469 at *3 (E.D. Cal. Oct. 17, 2013); *Davis v. Wells Fargo Bank, N.A.*, 2013 WL 5488448 at *11 (S.D. Tex. Sept. 30, 2013); *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 365 (6th Cir. 2012); *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1307-08 (S.D. Fla. Oct. 15, 2009).

Plaintiffs did not address defendants' contention in their untimely response. Instead, they generally refer back to their complaint.[6] (Doc. 74 at 3.) The Court has no duty to sift through their prior pleadings to construct

---

[6] Plaintiffs also failed to contest defendants' contention that the complaint is an impermissible shotgun pleading or that portions should be struck as argumentative, conclusory, irrelevant, and immaterial. (Doc. 51.)

an argument for them. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("[j]udges are not like pigs, hunting for truffles buried in [the record]."). As Judge Posner eloquently explained,

> Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response.

*Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Defendants' contention is legally correct and effectively undisputed, so the plaintiffs' FDCPA claims (Counts I-III) should be dismissed.

In Count IV, plaintiffs state that there was some sort of trickery or deception involved in the filing of a HUD-1 statement. (Doc. 3 at 19-20.) Specifically, they claim that the closing attorney may not have purchased a title insurance policy "in accordance with the HUD-1 statement." (*Id.* at 19.) Moreover, the "HUD-1 statement . . . appears to be forged and fabricated." (*Id.*) It is unclear whether this is meant to be a claim under state or federal law, since plaintiffs cite no statute or other legal authority giving rise to a private right of action against a lender for improperly executing a HUD-1 statement or failing to timely obtain title insurance.

Defendants point this out in their motion to dismiss (doc. 51 at 18-19), yet plaintiffs still have not pointed to any legal authority supporting the claim in their response. (Doc. 74.) Plaintiffs' complaint not only fails to give defendants notice of the legal basis for the claim under Fed. R. Civ. P. 8, they have effectively abandoned it. Accordingly, this claim should also be dismissed.

As the plaintiffs have not stated a federal claim for relief, the Court should dismiss the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3), which permits a district court to decline to exercise supplemental jurisdiction over such claims if it has dismissed all claims over which it has original jurisdiction. As Judge Barrett noted in plaintiff James Allen Zow's second bankruptcy proceeding, the dispute between the Zows and Regions should properly be determined in state court. *In re Zow*, No. 12-41944, doc. 307 (Bankr. S.D. Ga. Oct. 2, 2012).

For the reasons explained above, this case should be **DISMISSED WITH PREJUDICE** for plaintiffs' failure to obey a lawful court order. Alternatively, defendants' motion to dismiss (doc. 51) should be **GRANTED** and this case should be **DISMISSED**. Plaintiffs' motion to stay discovery

and proceedings (doc. 71) is **DENIED** as moot. Finally, the undersigned **RESERVES** to the District Judge defendants' motion to hold plaintiffs in contempt. (Doc. 73.)

**SO REPORTED AND RECOMMENDED** this __14th__ day of February, 2013.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA