UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES ZOW, SR. AND VERONICA ZOW,

Plaintiffs,

v.   4:13-cv-190

REGIONS FINANCIAL CORP., et al.,

Defendants.

## ORDER

### I. INTRODUCTION

Plaintiffs James Zow, Sr. and Veronica Zow ("the Zows") bring this action against Defendants claiming an illegal sale of their house. ECF No. 3. On February 25, 2014, the Zows filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). ECF No. 88. On that date, multiple motions were pending before the Court: a Motion to Dismiss, filed by the Defendants, ECF No. 51, upon which the Magistrate Judge had issued a Report & Recommendation ("R&R") recommending dismissal, ECF No. 83; a motion for sanctions filed by the Defendants alleging that the Zows failed to comply with a court order, ECF No. 73; and a motion for reconsideration filed by the Zows, ECF No. 87. The Zows also filed a motion to vacate on March 7, ECF No. 91.

The Court accepts the Zows' notice of voluntary dismissal, ECF No. 90, but because 1) the Court retains jurisdiction to consider the motion for sanctions following a voluntary dismissal and 2) because the Zows failed to comply with a Court order, this case is *DISMISSED WITH PREJUDICE*. Both parties complied with the Court's directive in ECF No. 90, so the motion to vacate, ECF No. 91, is *DISMISSED AS MOOT*. The Clerk shall terminate all other pending motions, ECF Nos. 51; 83; 87.

### II. VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)

On February 25, 2014, the Zows filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). ECF No. 88. Dismissal under this provision is proper because the Defendants only responded by filing a motion to dismiss pursuant to Rule 12(b)(6). *Cf.* ECF No. 92 at 4-5. However, the Zows filed their dismissal following the Magistrate Judge's issuance of an R&R recommending dismissal of this case. ECF No. 83. Effectively, this offered the Plaintiffs an opportunity to preview how the Court would rule on the Motion to Dismiss, and given an unfavorable recommendation, the Zows sought to avoid the legal consequence by voluntarily dismissing the case. Other courts have expressed concern about a pro se plaintiff's ability to flaunt a magistrate judge's decision on a motion to dismiss. *See Edler v. Schwarz*, No. 5:08cv275, 2010 WL 3211927, at *1 (N.D. Fla. Aug. 11, 2010). The Court invited briefing on the issue, ECF No. 90, and both parties submitted, ECF Nos. 91; 92.

The Zows argue that Eleventh and sister Circuit precedent compels the Court to accept their voluntary dismissal given a plain reading of Rule 41(a)(1)(A). ECF No.

91 at 4-7 (citing *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)). The Defendants concede that the Zows may voluntarily dismiss their action. ECF No. 92 at 3-12. Therefore, given precedent, a plain reading of Rule 41(a)(1)(A), and the agreement of the parties, this case is *DISMISSED*.

However, the parties disagree as to whether the Zows may dismiss this action without prejudice. The Defendants argue that pursuant to Rule 41(a)(1)(B), this dismissal constitutes a second of the same claims because the Zows previously filed and dismissed the same action in Chatham County Court. ECF Nos. 92 at 5; 92-1. Because the Court chooses to dismiss this case with prejudice as a sanction for failure to comply with an order, the Court declines to reach a conclusion on this argument.

### III. MOTION TO VACATE

The Zows filed a motion to vacate the Court's order dated February 26, 2014. ECF No. 91. However, in that order, the Court only stated that "parties may file briefs with the Court," and the parties complied with that order. ECF No. 90; *see also* ECF Nos. 91; 92. Therefore, the Court *DISMISSES AS MOOT* the motion to vacate, ECF No. 91.

### IV. MOTION FOR SANCTIONS

Although the Zows may be correct that they could voluntarily dismiss their case under Rule 41(a)(1)(A), they are incorrect when they state "any actions by this Court after Plaintiffs' Notice of Dismissal are void" and "this Court has no other jurisdiction over" them. ECF No. 91 at 1, 5.

The Court retains jurisdiction to "consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). The *Hartmarx* Court specifically contemplated sanctions pursuant to Federal Rule of Civil Procedure 11, *id.* at 396-97, but the Eleventh Circuit extended the rule to consideration of sanctions for contempt of court. *See Matthews*, 902 F.2d at 880-81 (likening an award of fees under Rule 11 to a sanction for contempt of court).

On December 17, 2013, the Magistrate Judge ordered the Plaintiffs to confer with Defendants' counsel and submit a joint report pursuant to Federal Rule of Civil Procedure 26(f). ECF No. 66. When the Plaintiffs failed to comply with the order, *see* ECF No. 73 at 2-3, the Defendants moved for sanctions for contempt, *id.* at 3-7.

The Zows responded by stating that the Magistrate Judge's order to participate in discovery was "invalid" and "unlawful" because the pending motion to dismiss should have been resolved before discovery began. ECF No. 78 at 5-6 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.")). The Zows also raise their more general objection to the Magistrate Judge's handling of matters in this case because of a contractual relationship with Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). ECF No 78 at 5, 5 n.9, 6; *see also* ECF Nos. 76; 87; 91 at 2-3.

2

"Courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). The moving party must establish three elements by clear and convincing evidence: "1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000).

Defendants suggest that the Magistrate Judge's order speaks for itself and fulfills all three elements. ECF No. 73 at 4-5. Neither party contests that the last two elements are met here. A review of the order shows that the Magistrate Judge only instructed the Zows to abide by the Federal Rules of Civil Procedure and gave a definite timeframe for completing the Rule 26(f) conference. ECF No. 66 at 3. This convincingly demonstrates a lawful and clear order. The Zows have proven themselves to be sophisticated pro se litigants, filing timely briefs and motions, replete with legal citation. This is clear and convincing evidence that the Zows had the ability to comply with the order to participate in a Rule 26(f) conference.

The Zows therefore attack only the first element—the validity and lawfulness of the Magistrate Judge's order. The objection to the timing of the order is unavailing. The Magistrate Judge's order only required the Plaintiffs to *plan* for discovery. *See* Fed. R. Civ. P. 26(f) (discussing a conference for a discovery plan). Thus the passage from *Chudasama* suggesting that the motion to dismiss should have been resolved before the start of discovery is not binding. 123 F.3d at 1367 ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.").

This difference in the two cases' timelines would be enough to render *Chudasama* inapplicable here. But it is also unpersuasive in a broader context. The *Chudasama* defendants sought relief from the plaintiffs' "excessive and dilatory discovery tactics." 123 F.3d at 1356. The district court failed—perhaps intentionally—to rule on a motion to dismiss pending before the court for at least eighteen months. *See id.* at 1360-61 ("Perhaps because it realized that the district court had no intention of ruling on its motion to dismiss the fraud count or its various objections, Mazda adopted a fourth strategy . . . ."). Stated differently, the rule in *Chudasama* is a shield for a defendant to prevent frivolous discovery costs, not a sword for a plaintiff to prolong litigation. Here, the Zows are attempting to wield this sword.

The Zows' more general objection to the Magistrate Judge's refusal to recuse also does not render the order invalid or unlawful. The Eleventh Circuit has held that judges are not required to recuse themselves from cases when their contractual relationship is "a consumer transaction in the ordinary course of doing business" with a large company. *Delta Air Lines, Inc. v. Sasser*, 127 F.3d 1296, 1297 (11th Cir. 1997). Entering into a transaction for a home loan is the course of ordinary business for millions of Americans, judges and others

3

alike. *Cf. Bolin v. Story*, 225 F.3d 1234, 1238 (11th Cir. 2000) ("Under [the] 'rule of necessity,' a judge is not disqualified due to a personal interest if there is no other judge available to hear the case."). The Court concludes that nothing about the Magistrate Judge's handling of the case renders his order invalid or unlawful.

The Zows are in contempt for failure to follow the Magistrate Judge's lawful order, ECF No. 66. Dismissal with prejudice is the appropriate sanction for the Zows' contempt. Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides that a Court may dismiss an action for violation of a discovery order. *See also* LR 41.1 ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice [for]: . . . (b) Willful disobedience or neglect of any order of the Court . . . ."); *Summerlin v. Stars-N-Strikes-Dallas*, No. 1:12-cv-2442-WSD, 2013 WL 5360394, at *3 (N.D. Ga. Sept. 25, 2013). Dismissal is generally a severe sanction, and there "must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

The record is clear here: The Zows' objection to the motion for contempt does not even suggest that they attempted to comply with the order *even after* the Defendants moved for sanctions. *See* ECF No. 78. No alternative sanctions are adequate because the Zows have dismissed their case. *See* Fed. R. Civ. P. 37(b)(2)(A). And along those lines, because the Zows have dismissed their case voluntarily, this sanction only prevents them from refiling the same claim. The Court *DISMISSES* this case *WITH PREJUDICE.*

## V. CONCLUSION

Finally, the Court highlights what should be obvious, but still warrants an explicit recitation. The Zows are the plaintiffs in this action and should be seeking a timely resolution of their claims. The Court can only surmise that the Zows have some ulterior motive in delaying disposition of their case, such as attempting to save their residence through a litigation war of attrition. This Court would have willingly and fairly facilitated a *timely* resolution to the Zows' claims had the Zows not disregarded the Federal Rules of Civil Procedure and not disobeyed the lawful orders of this Court.

This case is *DISMISSED WITH PREJUDICE.* Both parties complied with the Court's directive in ECF No. 90, so the motion to vacate, ECF No. 91, is *DISMISSED AS MOOT.* The Clerk shall terminate all other pending motions, ECF Nos. 51; 83; 87, and enter judgment in favor of the Defendants.

This 20th day of March 2014.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA