UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES ZOW, SR. AND VERONICA ZOW,

Plaintiffs,

v.     4:13-cv-190

REGIONS FINANCIAL CORP., et al.,

Defendants.

## ORDER

Plaintiffs James and Veronica Zow have filed their Motion Requesting the Honorable B. Avant Edenfield to Disqualify Himself; in it, they seek the undersigned's recusal because of an alleged perception that this Court is not impartial. ECF No. 97. They argue that "Judge Edenfield [sic] previous or current contractual relationship with Regions Bank (reflecting substantial investment)" requires disqualification. *Id.* at 5-6. They further base their objection on the tone and content of this Court's March 20 Order, which dismissed the Zows' case with prejudice as a sanction for their repeated failure to meaningfully participate in this lawsuit, ECF No. 93 at 2-4.

The Zows partially premise their recusal motion on the undersigned's former ownership of a Regions Bank Certificate of Deposit (CD). ECF Nos. 97 at 5-6; 97-1 at 5. This objection lacks merit. First, and most basically, that CD was redeemed in 2009.[1]

Further, even if the undersigned still possessed the CD, it would not mandate recusal. Courts have agreed that CD ownership does not render a judge partial in ordinary proceedings. *See, e.g., Rader v. ING Groep NV*, 497 F. App'x 171, 175 (3d Cir. 2012) (construing "financial interest" as defined in 28 U.S.C. § 455(d)(4)); *Townsend v. BAC Home Loans Servicing, L.P.*, 461 F. App'x 367, 372 (5th Cir. 2011); *Delta Air Lines, Inc. v. Sasser*, 127 F.3d 1296, 1297-98 (11th Cir. 1997) (analyzing § 455(d)(4) practically and noting that general consumer interest unlikely to be affected by outcome of case did not necessitate recusal). This case would present no reason to depart from the general rule.

The Zows also contend that this Court is partial because it has imposed discovery sanctions against them, ECF No. 97 at 2-4, even though it had legal authority to do so, *see Matthews v. Gaither*, 902 F.2d 877, 880-81 (11th Cir. 1990)). The Zows, essentially, invite the Court to adopt a rule that would subject a trial judge to recusal every time she issued sanctions under several Federal Rules of Civil Procedure or concomitant federal statutes authorizing sanctions for abusive litigation. Given the Eleventh

---

[1] Compare Financial Disclosure Report for Calendar Year 2009, Hon. B. Avant Edenfield, *available at* http://www.judicialwatch.org/wp-content/uploads/2013/11/Avant-B-Edenfield-Financial-Disclosure-Report-for-2009.pdf (noting redemption of CD), *with* Financial Disclosure Report for Calendar Year 2011, Hon. B. Avant Edenfield, *available at* http://www.judicialwatch.org/wp-content/uploads/2013/11/Avant-B-Edenfield-Financial-Disclosure-Report-for-2011.pdf (CD no longer among assets).

Circuit's clear stance that judges should not recuse for "unsupported, irrational, or highly tenuous" reasons, *In re Moody*, 2014 WL 948510, at *3, the Court declines that invitation.

Finally, the Zows imply that because the Court described their evolving tactics aimed at stalling this litigation, the Court is rendered partial. ECF No. 97 at 4. They claim that they are the ones seeking a speedy resolution to the litigation. *Id.* Yet they have delayed at every juncture, ignoring requests to timely re-plead, disregarding discovery, and clinging to foreclosed legal tactics in violation of basic procedural mandates. ECF No. 80 at 1-2.

It is not uncommon for courts to take note—and speak—when a litigant tries to game the system. *See, e.g., Conrad v. AM Cmty. Credit Union*, __ F.3d __, No. 13-2899, 2014 WL 1408635, at *3 (7th Cir. Apr. 14, 2014) ("So her suit has no merit. But we cannot end this opinion without remarking her abuse of the legal process by incessant filing of frivolous lawsuits."). Doing so does not mean that the Court is biased, it means that the Court can read its own docket. The motion to recuse is ***DENIED***.

This 30 day of April, 2014.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA